Case 1:24-cr-02048-MKD    ECF No. 59    filed 10/16/24    PageID.175    Page 1 of 4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 16, 2024
SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:24-cr-02048-MKD-2 |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |
| v. | |
| JOSE ANGEL BARAJAS, | |
| Defendant. | ECF Nos. 56, 57 |

On August 19, 2024, Defendant waived the right to a detention hearing pursuant to 18 U.S.C. § 3142(f), and the Court subsequently granted the United States' Motion for Detention (ECF No. 25). ECF No. 35. However, Defendant later filed a Motion to Reopen Detention (ECF No. 48), and the Court granted release to inpatient treatment on September 18, 2024. ECF No. 51. Now approaching successful completion of treatment, Defendant has filed a motion for this Court to grant further release for Defendant to reside at clean and sober housing—specifically, the Rowan House—in Spokane, Washington. ECF No. 57. Neither the United States, nor United States Probation/Pretrial Services have any objection to Defendant's release. *Id*.

The issue of pretrial release is governed by 18 U.S.C. § 3142. Under that

ORDER - 1

statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial. 18 U.S.C. § 3142(a). The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community.").

Additionally, in a case like this one involving a Controlled Substances Act violation for which the maximum penalty is ten years or more in prison, a rebuttable presumption of detention applies. 18 U.S.C. § 3142(e)(3)(A). However, although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's flight risk and danger

ORDER - 2

to the community remains with the United States. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

Pursuant to 18 U.S.C. § 3142(g), this Court has taken into account the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

Considering Defendant's pending completion of inpatient treatment and the agreement of both the United States Probation/Pretrial Services Office and the United States Attorney's Office with release, the Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant will appear as required.  Furthermore, the United States has not established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release.

ORDER - 3

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 56**) is **GRANTED.**

2. Defendant's Motion to Reopen Detention Hearing (**ECF No. 57**) is **GRANTED.**

3. Defendant is bound over to Judge Mary K. Dimke for further proceedings.

4. Defendant shall be released on all previously imposed conditions of release.

**IT IS SO ORDERED.**

DATED October 16, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4